

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TRACII PEAVY**                                              **PLAINTIFF**

v.                                                No. 3:15cv545 HTW-LRA

**UNITED STATES POSTAL SERVICE**                              **DEFENDANT**

## COMPLAINT

COMES NOW THE PLAINTIFF and alleges as follows:

### PARTIES

1. Plaintiff Tracii Peavy is an adult resident of Jackson, Mississippi, and an employee of the Defendant.

2. Defendant United States Postal Service ("USPS") is an "independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

3. The acts and failures to act alleged herein were duly performed by and attributable to the USPS, through its agents and employees. Said acts and failures to act were within the scope of such agency and/or employment, and USPS participated in, approved and/or ratified the unlawful acts and omissions of others complained of herein.

## JURISDICTION & VENUE

4. Jurisdiction is proper in this court under 28 U.S.C. § 1331, and 28 U.S.C. § 1346(a)(2), because this is a claim against the United States founded on an Act of Congress for damages of less than $10,000, not sounding in tort.

5. Venue is proper in this court under 42 U.S.C. § 2000e-5(f)(3) because this is the judicial district in which Ms. Peavy works.

## FACTS

6. Ms. Peavy has worked for the USPS in various capacities for many years.

7. She is paid biweekly.

8. Her official pay date is generally the first Friday following the final day of the pay period, which is also a Friday.

9. Thus, for example, work during the period from March 7, 2015, to March 20, 2015 (inclusive) has a regular pay date of March 27, 2015.

10. Over the last 3 years or longer, USPS has engaged in a pattern of missing payments to Ms. Peavy, often by a very long time. This has resulted in numerous occasions where Ms. Peavey was not paid the federal minimum wage on her regular pay date as required by the Fair Labor Standards Act. It has also resulted in numerous occasions where health deductions have been improperly doubled, which have not been cured to this day. Ms. Peavy has brought this to the attention of her supervisors, managers, and USPS on many occasions. The USPS

is well aware of its FLSA obligations, and its violations are willful. The following specific instances are exemplary of the broader pattern, and are not exclusive.

### Facts relating to Pay Period 12 of 2014

11. June 6, 2014, was the pay date for May 17, 2014, through May 30, 2014, which is pay period "12" of 2014.

12. Ms. Peavy worked at least 54 hours during this pay period.

13. Her pay rate during this time was at least $19.94 per hour.

14. Ms. Peavy was paid only $10.77 on June 6, 2014.

15. The USPS "adjusted" her pay in pay period 16 of 2014 by $1065.99, on date August 1, 2014.

16. The USPS owes an additional $1,065.99 (plus interest) in liquidated damages under the FLSA for this missed payment.

### Facts relating to Pay Period 24 of 2014

17. November 21, 2014, was the pay date for November 1, 2014, through November 14, 2014,, which is pay period "24" of 2014.

18. Ms. Peavy worked at least 58.5 hours during this pay period.

19. Her pay rate during this time was at least $19.94 per hour.

20. Ms. Peavy was paid $0 on November 21, 2014.

21. A deduction of $243.86 for health insurance attributable to this period was made two weeks later.

22. The USPS "adjusted" her pay in pay period 26 of 2014 by $1,166.49, on date December 19, 2014.

23. In making this adjustment, USPS again deducted an additional $243.86 for health insurance applicable to this period, even though this deduction had already been made.

24. The USPS owes an additional $1,410.35 (plus interest) in liquidated damages under the FLSA for this missed payment.

### Facts relating to Pay Period 7 of 2015

25. March 27, 2015, was the pay date for March 7, 2015, through March 20, 2015, which is pay period "7" of 2015.

26. Ms. Peavy worked at least 65.5 hours during this pay period.

27. Her pay rate during this time was at least $20.13 per hour.

28. Ms. Peavy was paid $0 on March 27, 2015.

29. A deduction of $243.86 for health insurance attributable to this period was made two weeks later.

30. The USPS "adjusted" her pay in pay period 9 of 2015 by $1,318.52, on date April 24, 2015.

31. In making this adjustment, USPS again deducted an additional $243.86 for health insurance applicable to this period, even though this deduction had already been made.

32. The USPS owes an additional $1,806.24 (plus interest) in liquidated damages under the FLSA for this missed payment.

### Facts relating to Pay Period 13 of 2015

33. June 19, 2015, was the pay date for May 30, 2015, through June 12, 2015, which is pay period "13" of 2015.

34. Ms. Peavy worked at least 61.93 hours during this pay period.

35. Her pay rate during this time was at least $20.13 per hour.

36. USPS payroll records indicate that a check for $1,246.65 was issued to Ms. Peavy on June 19, 2015.

37. Ms. Peavy did not receive any check.

38. On information and belief, the check never left USPS, and was never sent to Ms. Peavy.

39. Upon informing USPS of her non-receipt of payment, USPS delayed in correcting the issue.

40. USPS finally issued a check for this pay period, which was received on July 14, 2015.

41. The USPS owes an additional $1,246.65 (plus interest) in liquidated damages under the FLSA for this missed payment.

### COUNT 1: FAILURE TO PAY MINIMUM WAGES TIMELY AS REQUIRED BY FLSA

42. The Plaintiff incorporates all allegations set forth in all other sections of this

complaint.

43. On numerous occasions, Defendant failed to pay Plaintiff for work performed on the scheduled pay day.

44. Defendant's failure to pay minimum wage on the scheduled payday violates the Fair Labor Standards Act.

45. Defendant's violation was willful and in conscious or reckless disregard of the requirements of the law.

46. As a result, Plaintiff suffered injuries, including monetary damages, and is entitled to statutory liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Enter a declaratory judgment that the practices and policies complained of herein are unlawful, and that the violations were in bad faith, and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

2. Award Plaintiff monetary damages in the form of liquidated damages under the FLSA equal to an amount that should have been paid on the scheduled payday for work performed during the pay period;

3. Award Plaintiff her reasonable attorneys' fees and costs of this action;

4. Award Plaintiff interest on damages at the legal rate as appropriate, including

pre- and post-judgment interest; and

5. Grant any further relief that the Court deems just and proper.

Dated: July 28, 2015

Respectfully submitted,

*[signature]*

JOEL F. DILLARD, P.A.
405 Tombigbee St.
Jackson, MS 39201
Ph: 601-487-7369
Fax: 601-487-1110
Email: joel@joeldillard.com
M.S. Bar No. 104202
*Counsel for Plaintiff Tracii Peavy*